UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CIV-23787-KING

RICARDO RODRIGUEZ,

    Plaintiff,

v.

DIEGO C. LOZANO, SAGRARIO
BERRUGUETTE, BERLOZ INC. d/b/a
DIEGO'S ANDALUCIA,

    Defendant.
_____/

## ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (DE #11), filed March 22, 2011. Therein, Defendants seek to have this Court dismiss Plaintiff's Amended Complaint (DE #4), which purports to state a cause of action against Defendants for successor liability arising from an earlier Fair Labor Standards Act claim, Case No. 07-21575/KING/O'SULLIVAN. Defendants contend that Plaintiff's Amended Complaint fails to comply with this Court's earlier dismissal of Plaintiff's initial Complaint.[1] In that Order (DE #9), the Court had found that Plaintiff had failed to state a claim for successor liability.

Upon consideration of the parties' legal filings, the Court finds that Plaintiff has again failed to allege sufficient facts to state a claim against either the individual or corporate Defendants. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), require a plaintiff to allege more than a threadbare recital of

---

[1] The parties have fully briefed these issues, as Plaintiff filed a Response (DE #12) on March 28, 2011, to which Defendant filed a Reply (DE #13) on April 1, 2011. As such, this matter is ripe for determination.

elements or conclusory statements. However, Plaintiff's Amended Complaints contains few factual allegations. Plaintiff broadly alleges that "Berloz, Inc. doing business as Diego's Andalucía is a successor company of Defendant Diego's Restaurant ..." (DE #10 ¶13). This claim, however, is not buttressed by specific factual allegations, but instead only coupled with broad statements such as "Berloz, Inc. doing business as Diego's Andalucía has the same management, same ownership, same business module [sic] ..." *Id.* Even when liberally construed, such statements are insufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While the Court notes that Plaintiff has clarified his basis for Berloz, Inc.'s successor liability as emanating from the "mere continuation" of Diego Andalucía's business, nonetheless the Court finds that Plaintiff has failed to satisfy the minimal pleading requirements laid out by *Twombly* and *Iqbal*. Therefore, Plaintiff's Amended Complaint will again be dismissed with leave to amend.

Accordingly, the Court having read the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motion to Dismiss Amended Complaint (DE #11) be, and the same hereby is, **GRANTED.**

2. Plaintiff's Amended Complaint is **DISMISSED without prejudice.** If Plaintiff so elects, he shall **AMEND** his Complaint **within ten days** of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 15th day of April, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiff**
**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: zabogado@aol.com

**K. David Kelly**
J.H. Zidell, PA
J.H. Zidell, PA
300 71st Street, Ste. 605
Miami Beach, FL 33141
305-865-6766
Email: david.kelly38@rocketmail.com

**Counsel for Defendants**
**Richard Guerra**
Feldman Gale
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33131
305-358-5001
Fax: 305-358-3309
Email: rguerra@feldmangale.com