UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CIV-23787-KING

RICARDO RODRIGUEZ,

    Plaintiff,

v.

DIEGO C. LOZANO, SAGRARIO
BERRUGUETTE, BERLOZ INC. d/b/a
DIEGO'S ANDALUCIA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS *WITH PREJUDICE*

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Second Amended Complaint (DE #16), filed May 2, 2011. Therein, Defendants seek to have this Court dismiss with prejudice Plaintiff's Second Amended Complaint (DE #15), which seeks to state a cause of action against Defendants for successor liability arising from an earlier Fair Labor Standards Act claim, Case No. 07-21575/KING/O'SULLIVAN.[1]

Plaintiff had two prior opportunities to state a claim against the Defendants, but was unable to do so. In each attempt, the Court found Plaintiff's allegations insufficient to qualify under any of the circumstances outlined by the Eleventh Circuit, as both the initial and the First Amended Complaint were devoid of any facts that would support a finding of successor liability. For example, in each instance Plaintiff conclusorily alleged that "Defendants created Berloz, Inc. doing business as [sic] Diego's Andalucia in order to avoid the liabilities of Diego's restaurant ..." *Id.* ¶14. However, Plaintiff did not allege specific facts in support such a conclusion.

---

[1] The parties have fully briefed these issues, as Plaintiff filed a Response in Opposition (DE #17) on May 5, 2011, to which Defendant filed a Reply (DE #18) on May 11, 2011. As such, this matter is ripe for determination.

Therefore, the Court twice dismissed without prejudice Plaintiff's Complaints, permitting Plaintiff to amend his Complaint to satisfy the necessary pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (requiring more than a threadbare recital of elements or conclusory statements).

Nonetheless, Plaintiff's Second Amended Complaint again fails to provide more than a threadbare recital of facts and conclusory statements. So, for instance, as Plaintiff previously alleged in his earlier Complaints,

> Berloz, Inc. doing business as Diego's Andalucia is a successor company of Defendant Diego's Restaurant Inc., as upon information and belief Berloz, Inc. doing business as Diego's Andalucia has the same management, same ownership, same business module, same employees, same equipment, similar or same cuisine geared towards the same clientele and was only created after Defendants dissolved the Defendant Corporation Diego's Restaurant, Inc.

(DE #15 at ¶14). However, nowhere in the Second Amended Complaint does Plaintiff adduce any facts that would support his conclusions: not one name is provided in support of the conclusion of the same ownership; not one employee is identified who worked for both organizations; not one instance of the same equipment as used at both locations is specified. Plaintiff's allegations are the very definition of "conclusory."

As far as the Court can determine, the only differences between Plaintiff's First Amended Complaint and Second Amended Complaint are found in two paragraphs, 15 and 18. Neither one of these paragraphs adds to the threadbare and conclusory allegations of the earlier Complaints: paragraph 15 merely alleges that "Diego's Andalucia is located in Miami in a geographic location very close in proximity to where Diego's Restaurant operated" (DE #15 ¶15), while paragraph 18 reiterates earlier allegations contained within paragraph 14. While geographic location may be relevant to a consideration of successor liability, the Court cannot

2

find a "very close" proximity alone to be sufficient predicate for such a claim. Nor do Plaintiff's other allegations provide any better foundation.

Accordingly, having permitted Plaintiff multiple opportunities to state a claim against Defendants, the Court is forced to conclude from Plaintiff's failure to do so in his Second Amended Complaint that no such claim can be stated here. Therefore, Plaintiff's Second Amended Complaint will be dismissed with prejudice.

Accordingly, the Court having read the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motion to Dismiss (DE #16) be, and the same hereby is, **GRANTED.**

2. Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE.**

3. The Clerk shall **CLOSE** the case and **DENY** as moot all pending motions.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of May, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiff**
**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: zabogado@aol.com

**Counsel for Defendants**
**Richard Guerra**
Feldman Gale
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33131
305-358-5001
Fax: 305-358-3309
Email: rguerra@feldmangale.com